UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID SANDERS                                                                                      PLAINTIFF

V.                                              CIVIL ACTION NO. 3:24-CV-507-KHJ-MTP

WARREN COUNTY, et al.                                                                  DEFENDANTS

ORDER

Before the Court are pro se Plaintiff David Sanders's [2, 6] Motions for Leave to Proceed *in forma pauperis*. The Court denies the motions under 28 U.S.C. § 1915(g) and dismisses this action without prejudice.

I.   Standard

The Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Put differently, "[p]risoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee." *Id.* at 387.

II.   Analysis

The Court denies Sanders's motions under Section 1915(g) and dismisses this action without prejudice.

Sanders is incarcerated by the Mississippi Department of Corrections (MDOC). He has, on at least five prior occasions, brought civil actions under Section 1915 in federal court while incarcerated by MDOC. Three were dismissed for failure to state a claim. Order of Dismissal, *Sanders v. Coleman*, No. 3:22-CV-571 (S.D. Miss. Apr. 27, 2023), ECF No. 24; Order of Dismissal, *Sanders v. Itawamba County*, No. 1:18-CV-116 (N.D. Miss. Aug. 13, 2018), ECF No. 20; Order of Dismissal, *Sanders v. Itawamba County*, No. 1:17-CV-217 (N.D. Miss. Apr. 12, 2018), ECF No. 24; *see also Sanders v. Itawamba County*, 772 F. App'x 254, 255 (5th Cir. 2019) (per curiam) (discussing the two strikes from the Northern District of Mississippi). These dismissals count as three strikes under Section 1915(g). Because Sanders has at least three strikes, he may proceed *in forma pauperis* only if he satisfies the imminent-danger exception. *See* 28 U.S.C. § 1915(g).

The imminent-danger exception allows a prisoner to proceed *in forma pauperis* if he is in "imminent danger of serious physical injury." *Id.* "[A] prisoner with three strikes is entitled to proceed with his action . . . only if he is in imminent danger at the time that he seeks to file his suit in [the] district court or . . . files a motion to proceed IFP." *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). "Further, by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d

Cir. 2002) (cleaned up).

Sanders filed this case in August 2024 from the Carroll County Correctional Facility, where he is now housed. *See, e.g.*, Envelope [1-2]. He challenges his prior conditions of confinement at the Warren County Jail, as well as his most recent arrest. *See* Compl. [1]. He states that he was brought to the Warren County Jail as a pretrial detainee in April 2024. *Id.* at 2. While there, Sanders alleges he was repeatedly attacked by six other inmates, despite having notified jail officials that he was being threatened and beaten. *Id.* at 2–3. Sanders claims he suffered broken ribs, punctured lungs, and a broken nose. *Id.* at 3. When a guard saw him being attacked, Sanders was taken to the hospital, where a doctor scheduled him for surgery on his nose. *Id.* But Sanders alleges that he was released from the jail's custody, so he did not get the surgery. *Id.* He claims he needs his teeth fixed and reconstructive surgery on his nose because he has problems breathing. *Id.* at 3, 9. He sought both medical treatment and an attorney while he was released. *Id.* at 4.

Two months after Sanders's release from Warren County custody, Sanders was allegedly arrested in retaliation for contacting attorneys. *Id.* at 4–5. He contends that he is innocent of the alleged offense. *Id.*

Sanders fails to allege imminent danger of serious physical injury. Only his failure-to-protect and denial-of-medical-treatment claims implicate his physical well-being. But those claims challenge past events; Sanders is no longer housed at the Warren County Jail. He fails to allege that he was under an imminent danger of serious physical injury either at the time he filed his Complaint or at the time he

3

moved for leave to proceed *in forma pauperis*. The Court therefore must deny his [2, 6] Motions for Leave to Proceed *in forma pauperis*.

Because the Court denies Sanders permission to proceed as a pauper and because the Court has not received payment of the filing and administrative fees for this civil action, the Court dismisses this action without prejudice.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES pro se Plaintiff David Sanders's [2, 6] Motions for Leave to Proceed *in forma pauperis*, and the Court DISMISSES this action WITHOUT PREJUDICE. The Court will issue a separate final judgment consistent with this Order.

SO ORDERED AND ADJUDGED, this 23rd day of October, 2024.

                                                s/ *Kristi H. Johnson*
                                            UNITED STATES DISTRICT JUDGE