UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID SANDERS                                                PLAINTIFF

V.                                    CIVIL ACTION NO. 3:24-CV-507-KHJ-MTP

WARREN COUNTY, et al.                                        DEFENDANTS

ORDER

Before the Court is pro se Plaintiff David Sanders's [31] Motion to Reopen.

On October 23, 2024, the Court denied Sanders leave to proceed *in forma pauperis*

under 28 U.S.C. § 1915(g) and dismissed this case without prejudice. Order [18] at

4. He appealed, but the Fifth Circuit dismissed the appeal for failure to pay the

appellate filing fee. 5th Cir. Order [27] at 1. On March 20, 2025, he moved this

Court to reconsider, arguing that he is now back at the Warren County Jail and in

imminent danger. [31] at 1.

Since Sanders filed the motion over 28 days after the [19] Final Judgment,

the Court treats his [31] Motion as one made under Rule 60(b). *See* Fed. R. Civ. P.

59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989)

(per curiam). Under Federal Rule of Civil Procedure 60(b):

> [T]he court may relieve a party . . . from a final judgment . . . for the
> following reasons:
>
>   (1) mistake, inadvertence, surprise, or excusable neglect;

     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

     (4) the judgment is void;

     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court denied pauper status and dismissed this case because Sanders has three strikes under Section 1915(g) and failed to allege that he was in imminent danger of serious physical injury at the time he filed the [1] Complaint. *See* [18] at 2–3. He does not argue that this was error. Instead, he asks the Court to reopen this case and grant him pauper status because his circumstances have allegedly changed since dismissal of this case and his appeal. *See* [31]. Specifically, Sanders claims he has now been transferred to the Warren County Jail, where he claims to be in danger. *See id.* He does not demonstrate that he was in imminent danger of serious physical injury at the time he filed the Complaint in this case. Since he does not demonstrate excusable neglect or present any other basis for reconsideration of the [19] Final Judgment, the Court denies the [31] Motion.

Additionally, the Court declines to construe the [31] Motion as a new complaint, because Sanders simultaneously filed a new civil action based on the

very allegations raised in it. *Sanders v. Warren County*, No. 3:25-CV-195 (S.D.

Miss. filed Mar. 20, 2025). The new civil action is pending before the undersigned.

For the reasons stated, the Court DENIES Sanders's [31] Motion to Reopen.

SO ORDERED, this 2nd day of April, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE